# **EXHIBIT 1**

1  KEVIN D. BUSH
   AZ Bar No. 021696
2  E-mail:    kbush@cozen.com
   COZEN O'CONNOR
3  501 West Broadway, Suite 1610
   San Diego, CA 92101
4  Telephone: 800.782.3366
   Facsimile: 619.234.7831
5
   Attorney for Plaintiff,
6  BANKER'S STANDARD INSURANCE COMPANY

7

8  SUPERIOR COURT OF THE STATE OF ARIZONA

9  IN AND FOR THE COUNTY OF MARICOPA

10 BANKER'S STANDARD INSURANCE
   COMPANY,                                    Case No.: CV2014-002377
11
              Plaintiff,                       **CIVIL SUMMONS**
12
         v.
13
   ELKAY MANUFACTURING COMPANY,                "If you would like legal advice from a lawyer,
14 an Illinois corporation; GENERAL            contact the Lawyer Referral Service at
   ELECTRIC COMPANY, a New York
15 corporation; and DOES 1 through 50,         602-257-4434
   inclusive,                                  or
16                                             www.lawyerfinders.org.
              Defendants.
17                                             Sponsored by the
                                               Maricopa County Bar Association"
18 THE STATE OF ARIZONA TO THE DEFENDANT:

19                      **GENERAL ELECTRIC COMPANY**
                              a New York corporation
20                            **Agent for Service:**
                             **Chief Executive Officer:**
21                              Jeffrey R. Immelt
                               3135 Eastern Turnpike
22                             Fairfield, CT 06828
23

24

25     YOU ARE HEREBY SUMMONED and required to appear and defend, within the
   time applicable, in this action in this Court. If served within Arizona, you shall appear and
26 defend within 20 days after the service of the Summons and Complaint upon you, exclusive
   of the day of service. If served out of the State of Arizona - whether by direct service, by

registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; ARS Section 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. RCP 10(d); ARS Section 12-311; RCP 5.

The name and address of plaintiff's attorney is:

KEVIN D. BUSH
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA 92101
(800) 782-3366

SIGNED AND SEALED this date:

By: _____
    Clerk

By _____
    Deputy Clerk

JAN 16 2014
K. JEANES, CLERK
J. COLWELL
DEPUTY CLERK

**Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.**

LEGAL\18032939\1

KEVIN D. BUSH
AZ Bar No. 021696
E-mail: kbush@cozen.com
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA 92101
Telephone: 800.782.3366
Facsimile: 619.234.7831

Attorney for Plaintiff,
BANKER'S STANDARD INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANKER'S STANDARD INSURANCE COMPANY, | Case No.: CV2014-002377 |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| v. | |
| ELKAY MANUFACTURING COMPANY, an Illinois corporation; GENERAL ELECTRIC COMPANY, a New York corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

The undersigned certifies that the largest award sought by the complainant, including the punitive damages, but excluding the interest, attorneys' fees, and costs

////
////
////
////
////
////

exceeds the limits set by Local Rule for compulsory arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

DATED: January 10, 2014

COZEN O'CONNOR

By: _____
KEVIN D. BUSH
501 West Broadway, Suite 1610
San Diego, CA 92101
Telephone: 800.782.3366
Attorneys for Plaintiff,
BANKER'S STANDARD INSURANCE COMPANY

LEGAL\18032918\1



1 | KEVIN D. BUSH
AZ Bar No. 021696
2 | E-mail:    kbush@cozen.com
COZEN O'CONNOR
3 | 501 West Broadway, Suite 1610
San Diego, CA 92101
4 | Telephone: 800.782.3366
Facsimile: 619.234.7831

Attorney for Plaintiff,
BANKER'S STANDARD INSURANCE COMPANY

JAN 16 2014
MICHAEL K. JEANES, CLERK
R. CALDWELL
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| BANKER'S STANDARD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ELKAY MANUFACTURING COMPANY, an Illinois corporation; GENERAL ELECTRIC COMPANY, a New York corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: **CV2014-002377**<br><br>**COMPLAINT** |

Plaintiff, Banker's Standard Insurance Company (hereinafter "Banker's" and/or "Plaintiff") is informed and believes and thereon alleges against Defendants, and each of them, as follows:

1.   This action arises from a water damage loss that occurred on or about February 5, 2012, (hereinafter "Subject Loss") which originated from an Elkay Manufacturing brand chiller unit, Model ER2-1B, Serial No. 970531470 and/or its component parts (hereinafter "Subject Product"), at a residence owned by Robert Duffy (hereinafter "Insured") located at 6602 Secluded Lane, Carefree, Arizona (hereinafter "Subject Property").

2. Plaintiff is, and at all times mentioned herein, was, an insurance company duly authorized to transact and conduct business in the State of Arizona as an insurance carrier.

3. Defendant Elkay Manufacturing (hereinafter "Elkay") is, and at all times mentioned herein, was a corporation authorized to transact and conduct business in the State of Arizona.

4. Defendant, General Electric Company (hereinafter "General Electric"), is, and at all times mentioned herein, was, a corporation authorized to transact and conduct business in the State of Arizona.

5. Plaintiff is ignorant of the true names, capacities, and/or responsibilities of Defendants sued by this complaint as DOES 1 through 50, inclusive, and therefore Plaintiff sues such Defendants by such fictitious names.

6. Plaintiff is informed and believes, and thereon alleges, that Defendants designated as DOES 1 through 50, inclusive, are legally responsible in some manner for the damages alleged herein. Plaintiff will amend this complaint to allege the true names, capacities, and/or liabilities of DOES 1 through 50, inclusive, when ascertained.

7. At the time of the Subject Loss, there was in effect an insurance policy issued by Plaintiff to its Insured, by which Plaintiff insured property owned and/or possessed by its Insured, including the Subject Property, and the contents therein, and provided coverage for other related damages incurred, as a result of the Subject Loss.

8. As a result of the Subject Loss, Plaintiff has made payments to or on behalf of its insured pursuant to the terms of the policy.

9. Plaintiff, through legal and equitable rights of subrogation, is entitled to recover from Defendants, the damages forming the basis of this action in an amount in excess of the minimum amount required for the jurisdiction of this court, an amount to be proven at trial.

## FIRST CAUSE OF ACTION

**Strict Products Liability Against Elkay, General Electric, and DOES 1 through 50**

10. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 9 of this complaint as though fully set forth herein.

11. Defendants Elkay, General Electric and DOES 1 through 50, (collectively "Defendants") at all times mentioned herein, were in the business of manufacturing, designing, assembling, selling, distributing, marketing, preparing instructions, and/or warnings, and/or otherwise placing into the stream of commerce certain water chiller units including the Subject Product, and/or its components, or equipment, including, but not limited to, the thermostat included within the Subject Product, and/or its components, located within the Subject Property that was involved in causing the Subject Loss.

12. Defendants, and each of them, designed, manufactured, assembled, marketed, prepared written materials, distributed and/or sold the Subject Product, and/or its components, and/or otherwise placed the Subject Product and/or its components or equipment into the stream of commerce.

13. At the time the Subject Product and/or its components or equipment left the control of Defendants, and each of them, and was placed into the stream of commerce by Defendants, and each of them, a design and/or manufacturing defect existed within the Subject Product and/or its components that rendered them defective.

14. The Subject Product and/or its components were inherently defective and/or unreasonably dangerous at the time they were placed into the stream of commerce by Defendants, and each of them, and were designed and/or manufactured in such a manner so as to cause the Subject Product to leak and emit water within the Subject Property.

15. The defective condition(s) that existed when the Subject Product and/or its components or equipment left the custody and control of Defendants caused the Subject Loss and caused the damages from which this action arises.

3

16.     As a direct and proximate result of the defective condition of the Subject Product and/or its components, Plaintiff has suffered damages and loss in an amount in excess of the minimum amount required for jurisdiction of this court.

### SECOND CAUSE OF ACTION

**Negligence Against Defendants and DOES 1 through 50**

17.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 16 of this complaint as though fully set forth herein.

18.     At all times mentioned herein, Defendants, and each of them, were responsible in whole or in part, for the design, manufacture, inspection and/or assembly of the Subject Product, and/or its components or other equipment, and/or in preparing any written materials that accompanied the Subject Product.

19.     Defendants, and each of them, owed a duty to use reasonable care and caution in the design, manufacture, inspection and/or assembly of the Subject Product and/or its components or other equipment, and/or in preparing and providing any written materials, warnings and/or instructions that accompanied the Subject Product, and/or other components or equipment.

20.     Defendants, and each of them, breached the above-mentioned duty by its design, manufacture, inspection and/or assembly of the Subject Product, and/or its components or other equipment, and/or in preparing or failing to prepare any written materials, warnings and/or instructions and/or were otherwise careless and negligent.

21.     The above-mentioned negligent acts and/or omissions by Defendants herein, and each of them, were a substantial factor in causing the Subject Loss and resulting damages.

22.     As a direct and proximate result of the above-referenced negligent acts and/or omissions by Defendants, and each of them, Plaintiff has suffered damages and loss in an amount in excess of the amount required for the jurisdiction of this court.

1 | WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

 1. For compensatory damages in an amount to be proven at trial;

 2. For costs of suit incurred herein;

 3. For prejudgment and post-judgment interest permitted by law; and

 4. For such other and further relief as the court may deem just and proper.

DATED: January 10, 2014   COZEN O'CONNOR

By: _____
KEVIN D. BUSH
501 West Broadway, Suite 1610
San Diego, CA 92101
Telephone: 800.782.3366
Attorneys for Plaintiff,
BANKER'S STANDARD INSURANCE COMPANY

LEGAL\17995870\1